### In re McCARTHY PORTABLE ELEVATOR CO.

#### Appeal of KEENEY.

(Circuit Court of Appeals, Third Circuit. January 27, 1913.)

#### No. 1,688.

CORPORATIONS (§ 308*)—COMPENSATION OF OFFICERS—LEGALITY OF ACTION OF DIRECTORS.

> Under the laws of California, a resolution of the board of directors of a corporation fixing the salary of its president is void where the presence of such president as a director was necessary to constitute a quorum at the meeting.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of the McCarthy Portable Elevator Company, bankrupt. From an order of the District Court, Fred. C. Keeney appeals. Affirmed.

For opinion below, see 196 Fed. 247.

. McDermott & Enright, of Jersey City, N. J., for appellant.
George H. Gilman, of New York City, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

---

*For·other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. We approve the order appealed from, without committing ourselves to all the reasons given by the learned judge to support it. It is enough to say, we think, that Keeney, who was the assignee of McCarthy's claim for services as an officer of the company, could only recover on McCarthy's right, and that this right did not have the proper legal support. McCarthy certainly would have had no standing under the void resolution of September 28, 1905; and, if we assume (without deciding) that he might have had some standing upon a quantum meruit, the testimony concerning the value of his services is not satisfactory. Upon this point the referee and the district judge disagreed, and we incline to take the judge's view.

The value of the services being thus uncertain, it follows that the order appealed from should be, and it hereby is, affirmed.